Opinion delivered June 4, 1887.

----

No. 5129.

JOHN CARNES v. THE STATE.

LOCAL OPTION LAW—PRACTICE.—It devolves upon the State, in prosecuting violations of the local option law, to establish the fact that the order of

the commissioners court for the holding of the election was based upon a legal petition; and that proof must appear of record on appeal.

APPEAL from the County Court of Comanche. Tried below before the Hon. L. H. Brewer, County Judge.

The opinion discloses the case. The penalty assessed against the appellant was a fine of forty dollars.

*W. O. Hamilton*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. This is a conviction for the violation of the local option law. Numerous errors are assigned and urged against the validity of the conviction, several of which attack the legality of the election adopting said law in the precinct in which the offense is alleged to have occurred. It is not necessary to a disposition of this appeal that we should notice and determine these supposed errors. We find, upon an inspection of the record, that the State failed to prove on the trial that, in ordering the election, the commissioners court acted upon a valid petition,—that is, a petition signed by the requisite number of qualified voters in the justice's precinct for which said election was ordered. (Rev. Stat., art. 3227.) There is a petition set forth in the statement of facts, but there is no proof that it was signed by twenty, or any other number, of qualified voters of said justice's precinct. It was incumbent upon the State to show a valid petition in order to show the jurisdiction of the commissioners court to order said election. (McMillan v. The State, 18 Texas Ct. App., 375.)

Because in this particular the evidence does not sustain the conviction, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*